NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALMAZBEK RAIYMKULOV,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-2426

Agency No.
A087-958-345

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 19, 2025
El Centro, California

Before: TALLMAN and OWENS, Circuit Judges, and MONTENEGRO, District
Judge.**

Almazbek Raiymkulov, a native and citizen of Kyrgyzstan, petitions for

review of an order from the Board of Immigration Appeals ("BIA") affirming the

denial by an immigration judge ("IJ") of his applications for withholding of removal

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Ruth Bermudez Montenegro, United States District
Judge for the Southern District of California, sitting by designation.

and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1).

Where the BIA adopted the IJ's decision, as it did here, we review "the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's oral decision in support of those reasons." *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022) (citation omitted). We review factual findings underlying the BIA's determination of eligibility for withholding of removal and CAT relief for substantial evidence. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). "We review de novo claims of . . . due process violations in removal proceedings." *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

1. Substantial evidence supports the IJ's adverse credibility determination, which the BIA adopted. The BIA cited four inconsistencies that the IJ relied on in making the determination.

First, the BIA reasonably determined that Raiymkulov falsely stated in his application for relief that he spoke out against government corruption in Kyrgyzstan. *See Li v. Garland*, 13 F.4th 954, 960–61 (9th Cir. 2021). His testimony directly contradicted the basis of his claims for relief—that he was persecuted on account of his imputed political opinion for speaking out and resisting against corruption. *See*

*Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021).  The record does not compel the conclusion that he spoke out in any overt manner against the government.  *See Garcia v. Holder*, 749 F.3d 785, 790–91 (9th Cir. 2014).

Second, Raiymkulov's testimony concerning the closure of his businesses by the Kyrgyzstan government was inconsistent with his reasonable fear interview.  As he clearly told the asylum officer that he closed *all* the businesses himself, the record does not "compel credence" to his explanation that the government essentially shut down certain businesses through duress.  *See Dong*, 50 F.4th at 1300.

Third, Raiymkulov inconsistently testified about the number of times he was harmed by Kyrgyzstan government agents.  As he affirmatively stated during his reasonable fear interview that he had only been physically harmed once, these additional instances of harm would have made his account a "more compelling . . . story of persecution than [the] initial application."  *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (citation omitted); *see also Zamanov v. Holder*, 649 F.3d 969, 973–74 (9th Cir. 2011).

Finally, Raiymkulov had an opportunity to explain the apparent inconsistency in his signed affidavit stating that he did not fear returning to his home country.  *See Kumar v. Garland*, 18 F.4th 1148, 1154 (9th Cir. 2021).  While his explanation may be facially plausible, the BIA's "specific and cogent" reason concerning his working knowledge of English is supported by the record because Raiymkulov told the

Border Patrol agents he spoke English and, in his application, attested that he was fluent in it. *See Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010).

2.   Raiymkulov also argues that the agency applied incorrect legal standards and controlling precedents. As he failed to support his legal-error contentions with any analysis or argument, these issues have been waived. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).[1]

3.   Substantial evidence also supports the BIA's determination that Raiymkulov's CAT claim fails. The record evidence does not compel the conclusion that "he would be subject to a *particularized threat* of torture" if removed to Kyrgyzstan. *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam) (citation and internal quotation marks omitted). As Raiymkulov's CAT claim is "based on the same statements . . . the BIA determined to be not credible in the [withholding of removal] context," the country reports do not support his contention that any existing politically motivated violence is a threat to him personally. *Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017) (citation and internal quotation marks omitted); *see also Shrestha*, 590 F.3d 1049.

---

[1] Citing *Kalulu v. Garland*, 94 F.4th 1095 (9th Cir. 2024), Raiymkulov asserted at oral argument that we should review the BIA's adverse credibility finding for clear error. As he has waived the issue by failing to raise it in his opening brief, we decline to reach this argument. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

4.     Raiymkulov's due process arguments on appeal—that the agency failed to act as a neutral factfinder and erred by not considering "uncontested evidence"—are unexhausted and thus forfeited. *See* 8 U.S.C. § 1252(d)(1); *Santos-Zacaria v. Garland*, 598 U.S. 411, 424 (2023). As he failed to raise such contentions before the BIA, they are not properly before us. *See Sanchez-Cruz v. INS*, 255 F.3d 775, 780 (9th Cir. 2001).

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise **DENIED**.